### ADAMS v. KLINE.

(Supreme Court, Appellate Term. November 12, 1909.)

1. BAILMENT (§ 32*)—BAILEE'S NEGLIGENCE OR BREACH OF CONTRACT—MEASURE OF DAMAGES—RIGHT TO SPECIAL DAMAGES.

Plaintiff, a dressmaker, delivered to defendant, for cleaning, a dress, which she had sold for delivery in eight days, of which defendant was informed. When it was returned, four days later, the lace yoke was entirely spoiled, and she told the girl who delivered it to take it back and fix it up. It was returned in the same damaged condition some two weeks thereafter, when she again refused to accept the dress, as the customer would no longer accept it, and that it was otherwise valueless. Held, that, if recovery was claimed on the theory of negligence, that occurred before it was first returned, and on that date she could have put in a new yoke herself and delivered it, and hence the measure of damages was the cost of repairing or fixing the yoke, and no special damages could be recovered; but if recovery was based on the theory of breach of contract to perform in a workmanlike manner and to return in good condition, it was broken on its first return in a damaged condition, and the measure of damages would be the same.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 133; Dec. Dig. § 32.*]

2. BAILMENT (§ 32*)—CONTRACT—BREACH BY BAILEE—MEASURE OF DAMAGES.

Plaintiff, having demanded, on the first return of the dress in a damaged state, not that defendant properly perform the contract to clean, which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had been broken, but, in substance, that defendant pay for the damage caused by the breach of contract, by replacing the damaged portion, did not thereby continue the cleaning contract in force, so as to render the defendant liable for damages subsequently accruing by the loss of the sale of the dress.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. § 133; Dec. Dig. § 32.*]

3. TRIAL (§ 337*)—VERDICT—REVERSAL FOR JURY'S MISCONCEPTION OF LAW.

Though a charge is entirely correct, the judgment should be reversed, where it clearly appears from the verdict that the jury did not comprehend the charge, and brought in its verdict on an erroneous view of the measure of damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Esther Adams against Leontine Kline. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Schlesinger & Schlesinger (Samuel Schlesinger, of counsel), for appellant.

Leon Huhner, for respondent.

LEHMAN, J.  The plaintiff, a dressmaker, claims that about September 18, 1908, she delivered to the defendant the owner of a cleaning establishment, a dress, of the reasonable value of $160, and at the same time told the defendant that she required it three or four days later. The plaintiff had sold this dress for $160 to a customer, on condition that it should be delivered before September 26th. The plaintiff claims that about September 22d the dress was returned, but the lace yoke was entirely spoiled and that she told the girl who delivered the dress that she could not use it, and that she must take it back and fix it up, which the girl promised to do.  The next day the plaintiff went to the defendant's store, and insisted to a little girl in charge there that the dress must be delivered that evening; but she was informed that the dress had been sent to the cleaning establishment in Brooklyn, and she did not see the dress until it was returned in the same damaged condition some two weeks thereafter, and that she again refused to accept the dress, as the customer would no longer accept it, and it was valueless, unless accepted by her.

The pleadings were oral: "Conversion, and damages for breach of contract."  But thereafter a bill of particulars was served, stating that the claim was for breach of contract and negligence.  The case was tried without any election of remedies, and the jury were charged that they could find for the plaintiff on either theory up to the full value of the dress, viz., $160.  If the recovery was based upon the theory of negligence, then the charge was clearly erroneous.  The negligence occurred before September 22d, and on that date the plaintiff could have put in a new yoke as well as the defendant, and delivered the dress be-

fore the 26th. No special damages could have been recovered, and the measure of damages was the cost of repairing or replacing the yoke. If the recovery was based upon the theory of breach of contract to perform in a workmanlike manner, and then to return the dress in good condition, that contract was also broken on September 22d by the return of the dress in damaged condition, and the same measure of damages would be the rule of the case. The trial justice, however, submitted to the jury the question whether the defendant complied with the contract by sending the dress, in the condition in which it was, to the plaintiff on September 21st or 22d, or whether the contract or arrangement was a continuing one, which included what happened after that date.

It seems to me that this instruction was clearly incorrect. The defendant may have broken its contract by sending the dress in the condition in which it was on September 21st or 22d; but that would not make the contract or arrangement a continuing one. Concededly the injury to the dress could not be repaired; but the plaintiff demanded that the defendant insert a new yoke. In other words, she demanded, not that the dress be returned to her in the same condition that it was delivered to the defendant, except for proper cleaning, but that the defendant should pay for the damages occasioned by the breach of contract through the insertion of a new yoke. If the girl who delivered the dress, or the little girl in charge of the defendant's store, had real or apparent authority to agree to such a demand, a new contract might then have come into existence, but no such authority has been shown.

Even if, however, the charge was entirely correct, the judgment should still be reversed, because it appears that the jury did not comprehend the charge, and brought in its verdict on an erroneous view of the law. Having been charged that on the theory of breach of contract or of negligence they might bring in a verdict up to the sum of $160, or such sum as they thought fit under the circumstances of the case to compensate the plaintiff for the loss which she had suffered, they brought in a verdict for $65 and the dress. The court then said:

"If you find for the plaintiff, you must find in a given sum. You have nothing to do with the disposition of the dress."

Counsel for the plaintiff, after consulting with his client, then said: "My client desires me to say that she has no use for—"

The court interrupted the counsel, and repeated its instruction as to the measure of damages. The jury then retired, and counsel for the defendant moved for a mistrial, on the ground "that statements made by plaintiff's counsel—" The court then broke in, saying:

"The counsel did not say anything. He was about to do so, when he was stopped."

Shortly thereafter the jury returned with a verdict for $100. The jury was thus evidently misled by counsel, or by some other circumstance, into the error of believing that the plaintiff was not entitled to the dress, and the verdict should have been set aside, and a new trial granted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.